# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**Michael Anthony Owen**                                             **Plaintiff**

**v.**                        **No. 5:15CV00256 JM-JTR**

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**                          **Defendant**

## Recommended Disposition

### Instructions

The following recommended disposition was prepared for U.S. District Judge James M. Moody, Jr. A party to this dispute may file written objections to this recommendation. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1] The objecting party must serve the opposing party with a copy of an objection. Failing to object within 14 days waives the right to appeal questions of fact.[2] If no objections are filed, Judge Moody may adopt the recommended disposition without independently

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

reviewing all of the record evidence.

## Reasoning for Recommended Disposition

Michael Anthony Owen seeks judicial review of the denial of his application for supplemental security income (SSI).[3] Owen last worked as a floor waxer.[4] His employer, which reimbursed him for the gas cost of his daily commute from his home in Huntsville, Arkansas, to where he worked in Farmington, Arkansas, eventually had to terminate him due to rising gasoline prices.[5] He based disability on chronic obstructive pulmonary disease (COPD), back and shoulder problems, intestinal problems, and staph infection.[6]

**The Commissioner's decision**. Owen alleged disability beginning September 2007 when he lost his floor-waxer job, but the earliest date he could receive SSI was September 26, 2012 when he applied.[7] As a result, the ALJ considered whether Owen

---

[3]SSA record at p. 136 (alleging disability beginning Sept. 1, 2007).

[4]*Id*. at pp. 29-31, 152, 167 & 173.

[5]*Id*. at pp. 38 & 401:
   OWEN: I was living in Hunstville, so the drive all the way to Farmington and back you know —.
   ALJ: So, it was really just the, the cost of the gasoline was the problem. Is that what you're talking about?
   OWEN: Right, yeah.

[6]*Id*. at p. 166.

[7]20 C.F.R. § 416.335.

was disabled beginning on that date.

The ALJ identified emphysema, anxiety, and depression as severe impairments.[8] The ALJ determined Owen can do some unskilled light work.[9] After consulting a vocational expert, the ALJ determined jobs exist that Owen can do and denied the application.[10]

After the Appeals Council denied review,[11] the ALJ's decision became the Commissioner's final decision for the purpose of judicial review.[12] Owen filed this case to challenge the decision.[13] In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[14] This recommendation explains why the court should affirm the decision.

---

[8]SSA record at p. 11.

[9]*Id*. at p. 12.

[10]*Id*. at p. 18.

[11]*Id*. at p. 1.

[12]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[13]Docket entry # 1.

[14]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d

**Owen's allegations**.  Owen challenges several aspects of the ALJ's decision: (1) he contends the ALJ failed to fully and fairly develop the record, (2) he claims the ALJ failed to consider his impairments in combination, (3) he challenges the evaluation of his credibility, and (4) he contends he cannot do light work.  For these reasons, he maintains substantial evidence does not support the decision.[15]

**Applicable legal principles**.  For substantial evidence to exist, a reasonable mind must accept the evidence as adequate to show Owen can do some light unskilled work.[16]  "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."[17]  The ALJ placed the following requirements on light work:

(1) no concentrated exposure to pulmonary irritants; and

(2) simple, routine, repetitive tasks involving incidental interpersonal contact and simple, direct, concrete supervision.[18]

---

185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[15] Docket entry # 11.

[16] *Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990).

[17] 20 C.F.R. § 416.967(b).

[18] SSA record at p. 12.

The first requirement flowed from emphysema; the second requirement, from mental impairment. A reasonable mind will accept the evidence as adequate to support the decision for the following reasons:

> 1. **Medical evidence establishes no disabling impairment.** A claimant must prove disability with medical evidence; his subjective allegations are not enough to prove disability.[19] The medical evidence shows Owen sought treatment for complaints of abdominal pain,[20] but diagnostic testing showed no cause for pain.[21]

Diagnostic imaging showed mild hyper-expansion of the lungs; the

---

[19]42 U.S.C. § 423 (d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability…; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected to produce the pain or other symptoms alleged and which…would lead to a conclusion that the individual is under a disability"); 20 C.F.R. § 416.908 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms."); 20 C.F.R. § 416.929 ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.").

[20]SSA record at pp. 263 (Sept. 8, 2012), p. 249 (Sept. 19, 2012), p. 223 (Sept. 25, 2012), p. 226 (Oct. 8, 2012), p. 317 (Oct. 15, 2012), p. 319 (Oct. 25, 2012) & p. 321 (Nov. 15, 2012).

[21]*Id.* at pp. 226, 317, 319 & 321.

finding is consistent with emphysema.[22] The descriptor "mild" suggested no disabling symptoms.

Before applying for SSI, Owen was treated for a staph infection; the treating doctor drained a boil on a forearm and prescribed antibiotics.[23] Owen strained his back lifting a vehicle engine.[24] That's all the medical evidence showed. Even considered in combination, the evidence showed nothing preventing light work. According to Owen, he can lift 50 pounds;[25] that's more than light work requires.

2. **The record contained sufficient evidence to determine whether Owen was disabled**. Owen complains because the ALJ didn't order a consultative physical exam. However, such an examination is only required if treatment records do *not* provide sufficient medical evidence to determine whether the claimant is disabled.[26] The ALJ must fairly and fully develop the record as to the matters at issue.[27]

The record addressed the matters at issue: COPD, back and shoulder problems, intestinal problems, and staph infection. <u>COPD</u>: diagnostic imaging showed mild hyper-expansion of the lungs. <u>Back and shoulder problems</u>: diagnostic imaging showed mild compression deformities at level T9 and T10 in the mid-spine;[28] a primary care provider found tenderness on both sides of the mid-back.[29] Treatment records reflect no

---

[22]*Id*. at p. 408.

[23]*Id*. at pp. 277 & 283.

[24]*Id*. at pp. 286, 295 & 298.

[25]*Id*. at p. 193.

[26]*Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994).

[27]*Landess v. Weinberger*, 490 F.2d 1187, 1189 (8th Cir. 1974).

[28]SSA record at p. 302.

[29]*Id*. at p. 356.

complaints of shoulder pain.  <u>Intestinal problems</u>: diagnostic testing provided no cause for problems.  <u>Staph infection</u>: the one-time occurrence was treated.  No reason existed for a consultative physical exam.

3. **Inconsistencies support the credibility evaluation**.  Owen complains because the ALJ discounted his pain allegations, but an ALJ may discount complaints of pain based on inconsistencies.[30]  The record contained inconsistences.  Owen reported three surgeries,[31] but there's no evidence of surgery.  He reported that he stopped working because of medical conditions,[32] but he later acknowledged that he lost his job due to the rising costs of his fuel reimbursement vouchers.[33]  Before a medical procedure, he reported no drug use, but during the procedure, the doctor learned Owen took methadone on a daily basis.[34]  Owen claimed a bulge in his spine limits his ability to work,[35] but there's no evidence of a bulge.  He complained about *chronic* disabling pain, but he sought treatment for *acute* problems.  Such inconsistencies provided a sufficient basis for discounting complaints of pain.

4. **The evidence supports light work**.  Light work requires lifting/carrying 20 pounds occasionally and 10 pounds frequently.[36]  Owen can lift 50 pounds.[37]  Light work sometimes requires a great deal

---

[30] *Partee v. Astrue*, 638 F.3d 860, 865 (8th Cir. 2011); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001).

[31] SSA record at p. 183.

[32] *Id*. at p. 166.

[33] *Id*. at pp. 38 & 401.

[34] *Id*. at p. 228.

[35] *Id*. at p. 183.

[36] 20 C.F.R. § 416.967(b).

[37] SSA record at p. 193.

of walking. Owen claims shortness of breath prevents walking, but diagnostic imaging showed mild hyper-expansion of the lungs. The descriptor "mild" suggests no severe limitation. Medical experts identified no severe physical impairment.[38] The ALJ provided for respiratory symptoms. A reasonable mind will accept this evidence as adequate to show Owen can do light work.

5. **The ALJ accounted for mental impairment**. Owens says the ALJ failed to consider the mental examiner's diagnosis of a personality disorder,[39] but that diagnosis was for a long-standing Axis II disorder. If Owen has a personality disorder, he had it during the years he worked and it did not prevent him from working. The ALJ accounted for the Axis I diagnoses — depression and anxiety — as well as personality disorder by requiring simple, routine, repetitive tasks involving incidental interpersonal contact and simple, direct, concrete supervision.

## Conclusion and Recommended Disposition

Substantial evidence supports the ALJ's decision because a reasonable mind will accept the evidence as adequate to support the decision. The ALJ made no legal error. For these reasons, the undersigned magistrate judge recommends DENYING Owen's request for relief (docket entry # 2) and AFFIRMING the Commissioner's decision.

Dated this 6th day of July, 2016.

_____
United States Magistrate Judge

---

[38]*Id*. at pp. 56 & 67.

[39]*Id*. at p. 403.